IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FRANCIS T. DAMPIER,

                        Plaintiff,                        ORDER

    v.

                                                       14-cv-457-jdp

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

                        Defendant.

Plaintiff Francis T. Dampier seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. Dampier contends that the ALJ's Residual Functional Capacity (RFC) determination failed to adequately account for his deficiencies in concentration, persistence and pace (CPP), because it wrongly attributed those deficiencies to his substance abuse.

Dampier's application for benefits was initially denied after a hearing in 2011. The Appeals Council remanded the case to consider several issues, including whether his substance abuse was a contributing factor to his deficiencies, and whether any deficiencies remaining if he were to stop substance abuse would still be disabling. R. 141-42. This court now reviews the decision on remand, in which the ALJ concluded that if Dampier stopped his substance abuse, he would not have disabling impairments. R. 24-28. The court will remand the case because the ALJ did not provide sound reasons for his conclusion that Dampier would have only mild limitations in CPP if he stopped substance abuse.

The ALJ stated that he based his decision primarily on the hearing testimony of a medical expert, psychologist Dr. N. Timothy Lynch. R. 24-25. The ALJ concluded that

1

Dampier would have only mild difficulties in CPP if he stopped substance abuse: "With regard to concentration, persistence or pace, the claimant would have mild difficulties if the substance use was stopped." R. 25. But Dr. Lynch's testimony does not support this finding. Dr. Lynch testified that Dampier's limitations in CPP were "difficult to assess," and that he "would put him on the concentration, if today is typical, between mild to moderate but it alcohol or drugs are involved, it would again be marked to extreme." R.105-6. Dr. Lynch's testimony is not very clear, and the ALJ would not have to accept any of it. But the ALJ must explain the basis for his decision, and because he based his determination on Dr. Lynch's testimony, he has to explain how he got from the testimony that Dampier has "mild to moderate" deficiencies in concentration to the conclusion that Dampier had only mild deficiencies in CPP.

During the hearing, the Commissioner contended that the ALJ's finding was also supported by the opinion of Dr. Radiewitz-Rommes, which the ALJ cited for the proposition that Dampier's functional limitations would improve with abstinence and therapy. R. 27. But again, as with Dr. Lynch, the record evidence does not match the ALJ's conclusion. Dr. Radiewitz-Rommes opined that Dampier's concentration would be "poor . . . and [that] his ability to withstand routine work stressors and adapt[] to changes [would] also [be] limited." R. 568-69.  Dr. Radiewitz-Rommes did opine that Dampier's condition would improve if he stopped substance abuse, but this opinion does not support the ALJ's conclusion that Dampier would only mild deficiencies in CPP.

The ALJ discounted the opinion of Dr. Jack Spear, another state agency consulting psychologist, on the ground that Dr. Spear evaluated Dampier "in the context of ongoing and

2

consistent substance abuse without regard to what his function might be if he stopped the activity." R. 27. Dr. Spear reported that, as of 2009, Dampier had moderate limitations in CPP. R. 823-24. But the ALJ does not explain why he believed that Dr. Spear's opinion was rendered on the basis of Dampier's limitations while he was abusing substances. Dr. Spear reported that Dampier had been diagnosed with alcohol dependence and polysubstance abuse, but it is not clear whether this is a statement of Dampier's history or his current status. R. 825. Dr. Radiewitz-Rommes reported that Dampier had reported that he had been sober from March, 2007. R. 564. At the hearing, the Commissioner could not identify any record evidence to establish that Dampier was abusing substances in 2009. The ALJ has failed to show a reasoned basis supported by the evidence for discounting Dr. Spear's opinion that Dampier had moderate limitations in CPP.

If the record is insufficient to determine what Dampier's limitations would be if he were to stop substance abuse, then the ALJ had the duty to develop the record. *See Richards v. Astrue*, 370 Fed. Appx. 727, 731, 2010 WL 1443893, at *3 (7th Cir. Apr. 13, 2010) ("an ALJ may not draw conclusions based on an undeveloped record and has a 'duty to solicit additional information to flesh out an opinion'"); *see also Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("[f]ailure to fulfill this obligation [i.e., development of the record] is 'good cause' to remand for gathering of additional evidence."). The ALJ has a particular duty to develop the record on this point because the Appeals Council remanded the case for the ALJ to make this determination.

On remand, the ALJ must develop a record sufficient to establish Dampier's limitations if he were to cease substance abuse. If the properly developed record shows that

Dampier has at least moderate limitations in CPP, then those limitations must be adequately reflected in Dampier's RFC, as required under Seventh Circuit precedent. *See O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010). The specific limitations in CPP supported in the record must be accurately reflected in the RFC. *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014).

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered August 25, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4